FOOSHE v. MERRIWETHER.

1. Attention called to the necessity of giving dates in the "Case" as prepared for argument in the Supreme Court.
2. A demandant in dower is entitled as of right to her costs for all expenses incurred in the admeasurement of her dower, including her exceptions to a return, which finally was confirmed.
3. The special provision for costs in cases of dower (*Gen. Stat.*, § 2287,) must be regarded as an exception to the general law (*Ibid.*, § 2425; *Code* § 323,) regulating costs, so far as the two may seem to conflict.
4. The General Statutes of 1882 and the amended code of procedure having been adopted at the same time, must be regarded as one act.

Before WALLACE, J., Abbeville, February, 1883.

Petition by Mary Fooshe against M. E. Merriwether, in the Probate Court, for dower. The opinion states the case.

*Mr. L. W. Perrin,* for appellant.

*Messrs. Noble & Noble,* contra.

January 15th, 1884. The opinion of the court was delivered by

MR. JUSTICE McIVER. On October 6th, 1879, the demandant filed her petition in the Court of Probate for Abbeville county, demanding that her dower be assigned to her out of a tract of land formerly owned by her deceased husband, but then owned and occupied by the defendant. The commissioners appointed to admeasure the dower made their return, showing that they had divided the land

W

into three parcels, of nearly equal area, by two parallel lines running entirely across the tract, and had assigned to the demandant, as her dower, the middle parcel, the house and plantation buildings being on one of the outside parcels.    To this return the demandant filed exceptions, principally.upon the ground that the parcel assigned to her was not of equal value of the others, and also charging the commissioners with partiality.    The charge of partiality was not sustained by the evidence, but the judge of Probate, after hearing much conflicting testimony as to the value of the premises, referred the return back to the commissioners, that they might include in their estimate the value of the improvements.    The commissioners then made a further return, in which they stated that, in their opinion, the parcel containing the ·improvements, including the value of such improvements, was not greater in value than the parcel assigned to the demandant as her dower.    This return was confirmed, and demandant was put into possession of the parcel assigned to her as her dower.

The judge of Probate then taxed· against the defendant all the costs which had accrued up to the time of the filing of the exceptions by the demandant; but the costs of the witnesses and of the hearing upon these exceptions were taxed against the demandant.    An appeal was taken by the demandant to the Circuit Court from so much of the action of the Court of Probate as taxed any costs against her, which appeal was dismissed. The demandant now appeals to this court upon the following grounds :    " 1.  Because his Honor should have held that the Probate judge is required by the law to tax the costs of proceedings in, or admeasurement of, dower against the person who claims the land, or who is in possession of it.    2.  Because his Honor should have held that the Probate judge was without discretion in the matter of the taxation of costs in proceedings in dower, and that the ·costs follow the event of the action.    3. Because his Honor erred in holding that proceedings in dower in the Probate Court was a case in chancery, and the Probate judge might exercise his discretion in taxing the costs against either party."

The decision of the Circuit judge is based upon the theory that this is " a case in chancery," and governed by the provisions

of section 323 of the amended code, as embraced in the general statutes of 1882, by which costs in such cases are in the discretion of the court, and that, as the judge who heard the case is best qualified to exercise such discretion, no reason was perceived for disturbing the taxation of costs as made by him.

The general statutes did not take effect until May 1st, 1882; and whether this case is to be governed by the present law, or that which was of force prior to the enactment of the general statutes, it would be impossible to say, owing to the conspicuous absence of dates in the " Case " as prepared for argument here. According to the case of *Kapp* v. *Loyns*, 13 *S. C.* 288, costs are to be governed by the law in force at the time the verdict is rendered; and, by parity of reasoning, they should be governed in this case by the law as it stood at the time the return of the commissioners appointed to admeasure the dower was confirmed. But when that was, whether before or after May 1st, 1882, does not appear. The only dates given are the commencement of the proceeding on October 6th, 1879, and the date of the last return of the commissioners October 31st, 1881; but when the order of the Court of Probate confirming the return was made, or when the costs were taxed by that court, or when the appeal was taken from such taxation, or when the judgment now appealed from was rendered, appear nowhere in the " Case." We take this occasion, therefore, of calling the attention of the bar to the importance of giving, in the " Case " as prepared for argument here, the dates of the several steps in any proceeding which they desire this court to review.

Fortunately, however, in this particular case, the absence of dates works no practical injury to either party, for, according to our view, the law governing this case is the same now as it has been ever since the passage of the act of 1786, 4 *Stat.* 743. By this act it is provided " that the expenses that may be incurred in making such admeasurement of dower, as aforesaid, shall be paid by the person or persons who shall claim the property or be in possession of the said lands." The same language was incorporated in section 5, ch. CXIII., of the general statutes of 1872, as well as in section 2287 of the general statutes of 1882. These words, in the act of 1786, have been construed in

*Harshaw* v. *Davis,* 1 *Strobh.* 74, where it was held that the owner of the land, out of which dower is claimed, must defray the expenses of assigning the dower, and he cannot exempt himself from the charge by a return to the summons that he was ready and offered to assign the demandant her dower before the summons was issued.

Now, if the demandant has a right to except to the return of the commissioners appointed to admeasure her dower, as she undoubtedly has, both at law (*Beaty* v. *Hearst,* 1 *McMull.* 31,) and in equity, (*Gibson* v. *Marshall,* 5 *Rich. Eq.* 254,) certainly the expense of having such exceptions heard and determined is as much a part of the expenses incurred in the admeasurement of her dower as anything else incident to a proper admeasurement; and, if so, then, by the express terms of the statute, such expenses must be paid by the person who claims the property or is in possession of the lands. We do not think, therefore, that it makes any difference whether this be regarded as a case in chancery or a law case. For, even assuming that it is a case in chancery, and that the question of costs is to be governed by the law as it now stands in reference to costs, as seemed to be assumed in the argument here, the general provisions in reference to costs found in section 323 of the code of 1882 must be reconciled with the special provision found in section 2287 of the general statutes in reference to costs in cases of dower; for the general statutes, embracing the code of procedure, was passed at the same time, and must be regarded as one act.

Now, there is no doubt of the rule that where general terms, no matter how comprehensive they may be, are used in a statute which are apparently in conflict with other special provisions contained in the same statute, such conflict may be avoided by regarding the latter as exceptions to the former, and that, for this purpose, courts will read the two provisions as if words of exception were inserted. *Pott. Dwar. Stat.* 272–3; *State* v. *Shaw,* 9 *S. C.* 143. The special provision in regard to the expenses incurred in making the admeasurement of dower must, therefore, be regarded as an exception to the general rule established by section 323 of the code; and, hence, there was error in taxing any part of the costs of this case against the demandant.

The judgment of this court is that the judgment of the Circuit Court be reversed, and that the case be remanded to the Court of Probate for Abbeville county for such further proceedings as may be necessary to carry out the views herein announced.